UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE NEW YORK TIMES COMPANY and
JOHN T. EWING, JR.,

                              Plaintiffs,

                    -v.-

UNITED STATES DEPARTMENT OF JUSTICE,

                              Defendant,

VOLKSWAGEN AG,

                              Intervenor.

19 Civ. 1424 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

        This case involves a request under the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552, for a report (the "Report") issued by the independent

monitor (the "Monitor") tasked with overseeing Intervenor Volkswagen AG's

("VW") compliance with a plea agreement that it entered into with Defendant

United States Department of Justice ("DOJ") following the discovery of VW's

scheme to evade emissions requirements.  Defendant released a redacted

version of the Report in November 2020, and seeks to withhold the remainder

of the Report under FOIA Exemptions 4 and 5, 5 U.S.C. § 552(b)(4), (5).

Plaintiffs New York Times Co. and John T. Ewing, Jr., the latter a reporter for

the *New York Times*, challenge Defendant's broad redactions pursuant to these

exemptions and seek the production of the non-exempt portions of the Report.

        On February 3, 2021, the Court issued a decision denying the parties'

cross-motions for summary judgment.  (Dkt. #60).  *See N.Y. Times Co.* v. *U.S.*

*Dep't of Just.*, No. 19 Civ. 1424 (KPF), 2021 WL 371784, at \*1 (S.D.N.Y. Feb. 3, 2021) ("*N.Y. Times Co. I*").  In doing so, the Court found that portions of the Report were properly withheld under FOIA Exemptions 4 and 5, but that Defendant's redactions were likely overbroad.  *Id.* at \*9-14, 21.  The Court therefore ordered DOJ to produce the full, unredacted Report for *in camera* review, together with a legend to help the Court distinguish between multiple, potentially overlapping exemptions claimed by Defendant.  *Id.* at \*15-16, 22.[1]

The Court has now completed a thorough *in camera* review of the Report and proceeds to order certain limited disclosures of information that it concludes has been improperly withheld under FOIA Exemptions 4 and 5.  The Court incorporates by reference its extensive discussion of the applicable legal standards, the parties' briefing, and the Report itself set forth in *N.Y. Times Co. I*, and includes here only the analysis necessary to explain its decision.

## DISCUSSION

### A.   The Court Orders Limited Disclosure of Information Improperly Withheld Under FOIA Exemption 5

The Court begins by considering the application of FOIA Exemption 5 to the Report.  Exemption 5 shields from disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency[.]"  5 U.S.C. § 552(b)(5).  "By this

---

[1]   On March 5, 2021, Defendant submitted both the full Report and a legend explaining its redactions under FOIA Exemption 5.  In addition, Defendant included a legend prepared by VW explaining the redactions claimed under FOIA Exemption 4.  As part of this submission, Defendant explains that two sentences in the Report were mistakenly redacted and that the affected pages have been provided to Plaintiffs.

language, Congress intended to incorporate into the FOIA all the normal civil discovery privileges[,]" including the deliberative process privilege. *Hopkins* v. *U.S. Dep't of Hous. & Urb. Dev.*, 929 F.2d 81, 84 (2d Cir. 1991). To be protected by the deliberative process privilege, "a document must be both 'predecisional' and 'deliberative.'" *Grand Cent. P'ship, Inc.* v. *Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999). Generally, "[d]ocuments are 'predecisional' if they were generated before the agency's final decision on the matter, and they are 'deliberative' if they were prepared to help the agency formulate its position." *U.S. Fish & Wildlife Serv.* v. *Sierra Club, Inc.*, 141 S. Ct. 777, 786 (2021). "The privilege 'encourage[s] candor, which improves agency decisionmaking,' by 'blunt[ing] the chilling effect that accompanies the prospect of disclosure.'" *Nat. Res. Def. Council* v. *U.S. Env't Prot. Agency*, 19 F.4th 177, 184 (2d Cir. 2021) (quoting *U.S. Fish & Wildlife Serv.*, 141 S. Ct. at 782).

FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b)(9). As relevant here, the deliberative process privilege does not, "as a general matter, cover 'purely factual' material." *Grand Cent. P'ship, Inc.*, 166 F.3d at 482. That general rule does not apply, however, where "the factual materials are inextricably intertwined with policy making recommendations so that their disclosure would compromise the confidentiality of deliberative information that is entitled to protection under Exemption 5[.]" *Lead Indus. Ass'n, Inc.* v. *Occupational Safety & Health Admin.*, 610 F.2d 70, 85 (2d Cir. 1979) (internal

3

quotation marks omitted); *accord Nat. Res. Def. Council* v. *U.S. Env't Prot. Agency*, 954 F.3d 150, 157 (2d Cir. 2020).  When assessing whether factual materials are inextricably intertwined with exempt material, a court must consider "the context of the whole document and that document's relation to the administrative process which generated it."  *Lead Indus. Ass'n, Inc.*, 610 F.2d at 86; *see also Cox* v. *Dep't of Just.*, 504 F. Supp. 3d 119, 129 (E.D.N.Y. 2020) ("Although it is the agencies' burden to establish that they properly segregated information, '[a]gencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material.'" (internal citations omitted)).

Of significance here, courts in the Second Circuit have coalesced around "the following rule: factual segments of a predecisional document are exempt from disclosure under Exemption 5 if: [i] the predecisional document is submitted to the agency to assist it in rendering an informed decision upon the record, and [ii] disclosing the factual segments would reveal the deliberative process itself by demonstrating which facts in the record were considered significant."  *N.Y. Times Co.* v. *U.S. Dep't of Just.*, No. 16 Civ. 6120 (RMB), 2017 WL 4712636, at *19 (S.D.N.Y. Sept. 29, 2017) (internal quotation marks and alterations omitted); *see also, e.g.*, *Am. Soc'y for Prevention of Cruelty to Animals* v. *Animal & Plant Health Inspection Serv.*, No. 19 Civ. 3112 (NRB), 2021 WL 1163627, at *10 (S.D.N.Y. Mar. 25, 2021) (stating that "excluded from the deliberative process privilege is information that is purely factual, unless the selective compilation of that factual material would itself reveal an aspect of

an agency's deliberation, or the factual information is inextricably intertwined with policy making recommendations so that [its] disclosure would compromise the confidentiality of deliberative information that is entitled to protection under Exemption 5" (internal quotation marks and citations omitted)).

To illustrate, courts in this Circuit have held that an agency may not invoke the deliberative process privilege to justify withholding basic statistical and factual information that would not "reveal anything at all about the agency's decisionmaking[.]" *Nat. Res. Def. Council* v. *U.S. Env't Prot. Agency*, No. 17 Civ. 5928 (JMF), 2019 WL 4142725, at *12 (S.D.N.Y. Aug. 30, 2019), *rev'd in part, vacated in part on other grounds sub nom. Nat. Res. Def. Council* v. *U.S. Env't Prot. Agency*, 19 F.4th 177 (2d Cir. 2021).  Nor can an agency use the privilege to withhold a factual timeline of events contained within an agency report that is not "selectively curated" or otherwise indicative of the agency's decisionmaking process.  *See Animal & Plant Health Inspection Serv.*, 2021 WL 1163627, at *11.  By contrast, courts have found that an agency may withhold under the deliberative process privilege "references to and descriptions of domestic terrorism incidents[,]" where the release of that information would "show the authors' judgment in 'cull[ing] the relevant documents, extract[ing] pertinent facts, [and] organiz[ing] them to suit a specific purpose.'" *Color of Change* v. *U.S. Dep't of Homeland Sec.*, 325 F. Supp. 3d 447, 455 (S.D.N.Y. 2018) (quoting *Nat'l Sec. Archive* v. *C.I.A.*, 752 F.3d 460, 465 (D.C. Cir. 2014)).  Similarly, an agency may withhold factual information under the privilege where the agency "us[ed] its independent judgment to select facts, out of a

larger pool of facts, that, in its view, [were] significant and should be considered in developing recommendations." *NAACP Legal Def. & Educ. Fund, Inc.* v. *U.S. Dep't of Just.*, No. 18 Civ. 4354 (PKC), 2020 WL 5237765, at *8 (S.D.N.Y. Sept. 2, 2020); *see also N.Y. Times Co.*, 2017 WL 4712636, at *20 (making a similar observation in the context of factual information contained within documents that were "predominantly deliberative and evaluative").

In *N.Y. Times Co. I*, the Court found that the Report is both predecisional and deliberative, but observed that Defendant had withheld factual information likely not covered by the deliberative process privilege. *See N.Y. Times Co. I*, 2021 WL 371784, at *17-21. At the outset of its decision, the Court found that the Report was properly subject to the deliberative process privilege. The Court credited in this regard Defendant's representation that the Report was used to make several decisions, including, among others, (i) whether VW was meeting its obligations under the Plea Agreement and (ii) whether the Monitor was adequately discharging his duties. *Id.* at *20 (listing nine total decisions and sub-decisions Defendant made using the Report). The Court further noted, however, that the deliberative process privilege does not exempt from disclosure purely factual material, and found that Defendant had "withheld large swaths of the Report, much of which appears to simply describe the Monitor's activities or VW's compliance programs or remedial actions." *Id.* at *21. Given these redactions, the Court ordered the Report to be produced for *in camera* review. *Id.*

Based on its *in camera* review of the complete Report and Defendant's legend explaining the bases for its redactions, the Court finds that Defendant's redactions pursuant to the deliberative process privilege are, with some limited exceptions, appropriate.  As discussed in *N.Y. Times Co. I*, the Report "describes the Monitor's extensive interviews, meetings, and review of company policies and focuses on the Monitor's list of recommendations and observations regarding the VW compliance program."  *See N.Y. Times Co. I*, 2021 WL 371784, at *3.  The Court has no difficulty finding that the Monitor's recommendations and observations have been properly redacted pursuant to the deliberative process privilege.  This information reflects the Monitor's analysis of VW's compliance and remediation efforts in response to the emissions scandal and was offered to assist Defendant in determining whether VW was complying with the terms of its plea agreement.  *See id.* at *20.  Such information lies at the heart of the deliberative process privilege.  *See Grand Cent. P'ship, Inc.*, 166 F.3d at 482 (observing that the privilege exempts from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated" (internal quotation mark omitted)).

The Monitor's descriptions of his interviews and meetings, as well as his review of VW's policies, present closer calls under the privilege.  In contrast with the Monitor's recommendations and observations, this information largely consists of facts relating to the steps VW has taken to address the emissions scandal.  While these descriptions are more properly categorized as factual

7

than deliberative, the Court's *in camera* review has confirmed that certain of these materials have been selectively culled by the Monitor, and, further, that such materials "are inextricably intertwined with policy making recommendations so that their disclosure would compromise the confidentiality of deliberative information that is entitled to protection under Exemption 5[.]" *Lead Indus. Ass'n, Inc*, 610 F.2d at 85.[2]

As the Court observed in *N.Y. Times Co. I*, the Monitor wrote the Report pursuant to his mandate to perform an "initial review" that "set[s] forth the Monitor's assessment and, if necessary, mak[es] recommendations reasonably designed to improve the effectiveness of [VW's] program for ensuring compliance[.]"  2021 WL 371784, at *2.  In this context, the facts related to VW's compliance and remediation efforts included in the Report reflect the Monitor's assessment of the information that supported his observations and recommendations and that was relevant to Defendant's evaluation of VW's compliance with the plea agreement.  The release of this information would reveal the factors the Monitor and Defendant deemed to be relevant to such decisions as "whether VW was meeting its obligations under the Plea Agreement"; "whether VW was on track to complete its obligations under the Plea Agreement within the requisite time frame"; and "whether VW was enhancing its compliance program and internal controls in a manner tailored to address the past violations[.]"  *Id.* at *20 (listing nine decisions made using

---

[2]   As explained *infra*, however, the Court will order the disclosure of certain pre-emissions scandal, pre-monitorship information that would not reveal the deliberative process itself.

the Report).  As a result, and except as modified by certain disclosures ordered later in this Opinion, this information is exempt from disclosure pursuant to the deliberative process privilege.  *See NAACP Legal Def. & Educ. Fund, Inc.*, 2020 WL 5237765, at *8 (deeming factual material to be protected by the deliberative process privilege where it "would reveal what the government considered significant to the project").

Stepping back for a moment, the Court is mindful that "[t]he government bears the burden of demonstrating that an exemption applies to each item of information it seeks to withhold, and all doubts as to the applicability of the exemption must be resolved in favor of disclosure."  *Am. C.L. Union* v. *Cent. Intel. Agency*, 24 F.4th 863, 867 (2d Cir. 2022); *see also Sussman* v. *U.S. Marshals Serv.*, 494 F.3d 1106, 1116 (D.C. Cir. 2007) ("Before approving the application of a FOIA exemption, the district court must make specific findings of segregability regarding the documents to be withheld."); *cf. id.* at 1117 ("Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material.").  When it comes to the deliberative process privilege, there is a risk that the privilege will be misused to impose excessive limitations on the disclosure of factual information that the public is entitled to receive.  The Court is mindful in this regard that the purpose of the deliberative process privilege is *not* to withdraw from disclosure any fact that makes its way into an agency report, but rather to "hom[e] in on, and shelter[] material implicating officials' exercise of judgment about policy matters" in order to "secure[] the internal agency give-and-take[.]"  *Nat. Res. Def. Council*,

9

19 F.4th at 185 (quoting *Petrol. Info. Corp.* v. *U.S. Dep't of Interior*, 976 F.2d

1429, 1435 (D.C. Cir. 1992) (R.B. Ginsburg, J.)); *see also Dudman Commc'ns*

*Corp.* v. *Dep't of Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987) ("[T]he key

question in Exemption 5 cases became whether the disclosure of materials

would expose an agency's decisionmaking process in such a way as to

discourage candid discussion within the agency and thereby undermine the

agency's ability to perform its functions.").  In the context of this case, where

(i) the Monitor exercised discretion in producing a report reflecting his

investigation, description, and analysis of VW's compliance and remediation

efforts and (ii) Defendant relied on that report to assess whether VW was

abiding by its obligations under the plea agreement, the Court finds that the

considerations animating the deliberative process privilege dictate that the

information remain redacted.

While the Court finds that substantial portions of the Report fall under

the deliberative process privilege, the considerations outlined above lead it to

conclude that certain sections of the Report fall outside the scope of the

privilege and therefore must be produced.  To begin, the Court sees no basis to

redact: (i) the table of contents and the associated headers contained in the

body of the Report; (ii) Section I.C, entitled "Nature of Report Observations and

Recommendations"; (iii) Section I.D, entitled "Future Reviews"; and (iv) Section

IV, entitled "The Monitor's Activities During the Initial Review."  These sections

are not inextricably intertwined with the deliberative portions of the Report and

Defendant has not identified any basis to find that their release would reveal

the Monitor's or Defendant's deliberative processes.  Accordingly, Defendant must disclose these sections in their entirety.

Separately, the Court finds that Defendant has been inconsistent in its treatment of certain background information about VW's structure, policies, and practices, which information predates the emissions scheme, the disclosure of same, and the appointment of the Monitor.  Certain of this background information was previously disclosed to the public, while other analytically indistinct material remained redacted.  The Court believes that this background information is sufficiently attenuated from any deliberative process that its disclosure would not reveal that process and thus, for consistency, orders its disclosure.  This information includes:

- The first paragraph following Monitor Observation 12 on page 36 of the Report;

- The first paragraph of Section V.D.7 on page 49 of the Report;

- The first paragraph of Section V.D.7.a.3 on page 52 of the Report;

- The first two paragraphs of Section V.D.7.a.4 on page 55 of the Report;

- The first paragraph of Section V.D.7.a.4.c.i on pages 57 and 58 of the Report;

- The first paragraph of Section V.D.7.a.4.c.iii on page 59 of the Report;

- The first two sentences of the first paragraph of Section V.D.7.b.1.c.iii on page 68 of the Report;

- The first sentence of the first paragraph following Monitor Observations 40-42 on page 73 of the Report;

- The first sentence of the first paragraph following Monitor Observation 43 on page 74 of the Report;

- The first paragraph following Monitor Observation 55 on page 91 of the Report;

- The second paragraph of Section V.D.8 at page 94 of the Report;

- The second and third full paragraphs on page 96 of the Report;

- The first paragraph of Section V.D.9 at page 100 of the Report;

- The first paragraph of Section V.D.9.c.5 at page 110 of the Report; and

- The last paragraph on page 111 of the Report.

Finally, the Court orders the disclosure of the first paragraph of the Executive Summary in Section I.A.  This paragraph provides background information and orientation for the reader, and its disclosure would not run afoul of Exemption 5.

## B.  The Court Orders Disclosure of Information Improperly Withheld Under FOIA Exemption 4

The Court turns next to Defendant's claimed redactions under FOIA Exemption 4.  Exemption 4 excludes from disclosure matters that are "trade secrets and commercial or financial information obtained from a person and privileged or confidential[.]"  5 U.S.C. § 552(b)(4).  For Exemption 4 to apply, a tripartite test must be satisfied: "'[i] [t]he information for which exemption is sought must be a trade secret or commercial or financial in character; [ii] it must be obtained from a person; and [iii] it must be privileged or confidential.'"  *Bloomberg, L.P.* v. *Bd. of Governors of the Fed. Rsrv. Sys.*, 601

F.3d 143, 147 (2d Cir. 2010) (emphasis omitted) (quoting *Nadler* v. *FDIC*, 92

F.3d 93, 95 (2d Cir. 1996)).

In *N.Y. Times Co. I*, the Court focused in large measure on whether

information related to VW's internal compliance programs and remediation

efforts was properly redacted as confidential commercial information under

Exemption 4.  *See* 2021 WL 371784, at *8-14.  To resolve this issue, the Court

surveyed several decisions from the United States District Court for the District

of Columbia.  *Id.*  The Court's review of these cases led it to observe that:

> those courts that have addressed whether information
> about a compliance program is "commercial" within the
> meaning of Exemption 4 have determined that, with the
> limited exception just discussed, such information is
> commercial only when intertwined with other
> information that can fairly be described as commercial,
> such as (i) sales statistics, profits and losses, and
> inventories; (ii) references to finance functions, mergers
> and acquisitions practices, and sales and marketing, or
> information about country operations, projects,
> contracts, and bids; (iii) information about interactions
> between the companies' salespeople and customers, or
> how the companies promote their products; and
> (iv) extensive information about the [company's]
> marketing and sales programs and contracting
> processes[.]

*Id.* (internal quotation marks and citations omitted).  Based on this

observation, the Court concluded that "Defendant has redacted what appears

to be a large swath of the Report that contains factual information about VW's

compliance program, including 'cultural initiatives and programs,' 'integrity,'

and similarly noncommercial information."  *Id.* at *15.  The Court concluded by

ordering Defendant to produce the full Report for *in camera* review.  *Id.*

Upon review of the Report and Intervenor's legend, the Court finds that
Defendant has improperly withheld from disclosure certain non-commercial
information under the guise of Exemption 4.  For example, Defendant has
redacted under Exemption 4 the Monitor's discussion of whether VW was
meeting its obligations under the plea agreement; information related to VW's
internal investigations into the emissions scandal; and other similarly non-
commercial information.  This information does not constitute confidential
business information, and must be produced to the extent it is not exempt
under the deliberative process privilege, for the reasons set forth in *N.Y. Times
Co. I.  See* 2021 WL 371784, at *9-14 (rejecting VW's overbroad definition of
"commercial"); *see also id.* at *15 (observing that "Defendant has redacted what
appears to be a large swath of the Report that contains factual information
about VW's compliance program," as well as "portions of the Report that simply
appear to describe VW's compliance initiatives — information that does not
relate to the income-producing aspects of a business and is therefore not
properly withheld under Exemption 4" (internal quotation marks and citations
omitted)).[3]  With particular respect to the redactions claimed solely under
Exemption 4, the Court finds that these redactions correspond to information
about "VW's corporate culture, compliance structure, [and] code of conduct"
that "cannot fairly be said to have intrinsic commercial value or to relate to the

---

[3]     For avoidance of doubt, the Court finds that Defendant may properly withhold under
Exemption 4 the second sentence in the final paragraph of Section I.D.  The balance of
the information redacted under Exemptions 4 and 5 in Sections I.C; I.D; and IV, as well
as the information identified above in the bullet-point list, must be disclosed.

14

income-producing aspects of a business[.]" *Id.* at \*14 (internal quotation marks and citations omitted).  Defendant must produce this information in its entirety.

## CONCLUSION

For the foregoing reasons, Defendant is hereby ORDERED to produce a version of the Report that is consistent with this Opinion and Order on or before **July 13, 2022**.

The parties are further ORDERED to submit a joint letter stating whether there are any outstanding issues in this case on or before **July 20, 2022**.

SO ORDERED.

Dated:      June 27, 2022
            New York, New York

_____
            KATHERINE POLK FAILLA
            United States District Judge

15